JS-5

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RAFAEL ARROYO, JR.,<br><br>Plaintiff,<br><br>v.<br><br>ARCP UP PORTFOLIO II, LP, et al.,<br><br>Defendants. | Case No.: CV 19-03134-CJC(JCx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN [Dkt. 21]** |

Before the Court is Plaintiff's motion to reopen this action pursuant to Federal Rule of Civil Procedure 60(b). (Dkt. 21.) For the following reasons, the motion is **GRANTED**.[1]

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for August 5, 2019, at 1:30 p.m. is hereby vacated and off calendar.

On April 22, 2019, Plaintiff Rafael Arroyo, Jr., filed this lawsuit against Defendants ARCP UO Portfolio II, LP, ARCP GP UO Portfolio II, LLC, and Rapid Gas, Inc., asserting violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act. (Dkt. 1 [Complaint].) Plaintiff alleges that he visited a gas station owned by Defendants in Long Beach, California, in April 2019. (*Id.* ¶¶ 2–5, 10.) He claims that the gas station's paths of travel and transaction counters violate ADA accessibility standards. (*Id.* ¶¶ 13–17.) According to Plaintiff, these barriers denied him full and equal access to the gas station. (*Id.* ¶ 19.)

On May 23, 2019, Defendants attempted to meet and confer with Plaintiff regarding issues salient to a motion to dismiss his Complaint. (Dkt. 14-2 [Declaration of Ara Sahelian] ¶ 2.) Plaintiff ignored the request and instead filed requests for entry of default. (*Id.*; *see also* Dkts. 12–13.) The following day, Defendants filed their motion to dismiss and the Clerk denied Plaintiff's requests for entry of default. (Dkts. 14, 15.) Plaintiff then failed to timely oppose Defendants' motion to dismiss, a violation of this Court's local rules. (*See generally docket entries*.) On June 7, 2019, the Court granted Defendants' motion to dismiss based on Plaintiff's failure to timely file an opposition. (Dkt. 16.)

Plaintiff now moves to reopen his proceedings pursuant to Rule 60(b). (Dkt. 21.) He seeks relief from Plaintiff's counsel's calendaring error so that the instant action may be decided on the merits. Rule 60(b) allows a court to grant relief from a judgment or order based on mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b). The Supreme Court has held that "excusable neglect" extends to "negligence on the part of counsel." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). In determining whether neglect is excusable, the Court considers at least four factors: (1) the danger of prejudice to the opposing party, (2) the length of the delay

and its potential impact on the proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. *Bateman*, 231 F.3d at 1223–24.

The relevant factors support granting Rule 60(b) relief. The prejudice to Defendants is minimal. They may refile their motion to dismiss so it is decided on the merits. Since the motion was scheduled to be heard on June 24, 2019, the delay and impact on proceedings are slight. The reason for Plaintiff's delay was a simple calendaring error by Plaintiff's counsel. Counsel avers that it had every intention of filing an opposition, that the opposition had already been drafted, and that he honestly believed it was not yet due. (Dkt. 21-2 [Declaration of Chris Carson] ¶ 3.) After the Court granted Defendants' motion to dismiss, Plaintiff sought leave to file a late opposition. (Dkt. 18.) When the Court denied his request, (*see* Dkt. 19), he promptly filed the instant motion to reopen. There is no indication of bad faith on the part of Plaintiff.

Accordingly, Plaintiff's motion to reopen is **GRANTED**. The Court **VACATES** the June 7, 2019 Order dismissing Plaintiff's claims on procedural grounds. (Dkt. 16.) Defendant shall refile its motion to dismiss, if any, by **Monday, July 29, 2019**. The Court reminds Plaintiff's counsel to adhere to the Local Rules.

DATED: July 24, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE